1  Craig Davis (SBN 268194)
   LAW OFFICES OF CRAIG DAVIS
2  912 Cole Street, Suite 102
   San Francisco, CA  94117-4316
3  Telephone: (415) 857-5820
   Fax: (415) 795-4595
4  cdavis@craigdavislaw.com

5  Jeffrey B. Sand – (pro hac vice motion to be filed)
   Andrew L. Weiner – (pro hac vice motion to be filed)
6  WEINER & SAND LLC
   3525 Piedmont Road
7  7 Piedmont Center, 3rd Floor
   Atlanta, Georgia 30305
8  Telephone: (404) 205-5029
   Facsimile: (866) 800-1482
9  js@atlantaemployeelawyer.com
   aw@atlantaemployeelawyer.com

10
   Attorneys for Plaintiff
11 KEVIN ESTRADA

12

13                 **UNITED STATES DISTRICT COURT**

14                 **NORTHERN DISTRICT OF CALIFORNIA**

15

16

17

18 KEVIN ESTRADA, individually and on          CIVIL ACTION NO. _____
   behalf of all others similarly situated,
19                                             **COMPLAINT FOR VIOLATIONS OF THE**
                                               **FAIR CREDIT REPORTING ACT AND**
20              Plaintiff,                      **THE INVESTIGATIVE CONSUMER**
                                               **REPORTING AGENCIES ACT**
21       v.

22 CHECKR, INC.,                               **CLASS ACTION**

23              Defendant.                     **DEMAND FOR JURY TRIAL**

24

25

26

27

28

**PRELIMINARY STATEMENT**

1.      Plaintiff Kevin Estrada, individually and on behalf of all others similarly situated, files this class action complaint against Checkr, Inc. ("Checkr" or "Defendant").

2.      This is a consumer class action based on Checkr's violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C § 1681 *et seq.,* and the Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. Code § 1786, *et seq.*

3.      The FCRA and the ICRAA were enacted, in part, to protect consumers from the harm caused by inaccurate consumer reporting. 15 U.S.C. 1681(b); Cal. Civ. Code § 1786(f).

4.      To this end, the FCRA and the ICRAA require that all consumer reporting agencies ("CRAs") that prepare background check reports use "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b); Cal. Civ. Code § 1786.20(b).

5.      Defendant violates the FCRA and the ICRAA because it has adopted and maintained a policy and practice of knowingly, intentionally, recklessly, and willfully misreporting violations of California Vehicle Code Section 22526 as "moving violations" on its consumer reports.

6.      Violations of California Vehicle Code Section 22526 are not "moving violations."

7.      California law classifies such violations as either "parking violations" or "stopping violations." Cal. Veh. Code § 22526(f).

8.      By reporting these violations as "moving violations," Defendant has caused concrete harm to consumers, including the loss of employment, emotional distress, inconvenience, damage to reputation, anxiety, and humiliation.

9.      Furthermore, if a consumer disputes the accuracy of any information in a consumer report, the ICRAA requires a CRA to: review and consider all relevant information submitted by the consumer, update the disputed information within 30 days of the dispute, and provide a detailed notice to the consumer of the results of its reinvestigation. Cal. Civ. Code § 1786.24.

10.      Plaintiff contacted Defendant to dispute the accuracy of the information in its consumer report, but Defendant violated the ICRAA by both failing to review or consider the information Plaintiff submitted, and failing to provide Plaintiff a notice following the dispute.

**JURISDICTION AND VENUE**

11.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. This Court has personal jurisdiction over Defendant because the Defendant conducts business in the State of California and in this district and avails itself of the protections of the laws of the State of California.

12.     Venue is proper in this Court under 28 U.S.C. § 1391(b) as Defendant regularly conducts business in this district and division and a substantial part of the events that give rise to the claim occurred in this district and division.

**PARTIES**

13.     Plaintiff Kevin Estrada is an adult individual residing in San Francisco, California.

14.     Estrada is a natural person and a "consumer" as protected and governed by the FCRA and the ICRAA.

15.     Defendant is a business entity that regularly conducts business in the Northern District of California, and has a principal place of business located at One Montgomery Street, Suite 2000, San Francisco, CA 94104.

16.     At all times relevant hereto, Defendant has been a consumer reporting agency, as defined by 15 U.S.C. § 1681a(f).

17.     At all times relevant hereto, Defendant has been an investigative consumer reporting agency, as defined by Cal. Civ. Code. § 1786.2(d).

18.     For monetary fees, Defendant regularly engages in the practice of assembling information on consumers for the purpose of furnishing consumer reports to third parties.

19.     Defendant advertises itself on its website to current and prospective customers as "Compliant with state and federal laws, including FCRA" (https://checkr.com/, last visited August 28, 2018) and further asserts that it "has built-in tools that make it easier to maintain compliance with the Fair Credit Reporting Act (FCRA) and state laws." (https://checkr.com/product/compliance/, last visited August 28, 2018.)

20.     Defendant also advertises that it has the "fastest turnaround time in the industry." (https://checkr.com/product/, last visited August 28, 2018.)

**FACTUAL ALLEGATIONS**

**A.      Checkr's Practices as a Consumer Reporting Agency and Furnisher of Consumer Information for Employment Purposes.**

21.      The FCRA has strict requirements that Defendant must follow regarding the information it reports to users of its consumer reports.

22.      The FCRA requires that all CRAs that report background information use "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).

23.      Based on a common policy and practice, Defendant regularly and unlawfully fails to use reasonable procedures to assure the maximum possible accuracy of the information it reports. Specifically, Defendant has adopted and maintained a policy and practice of knowingly, intentionally, recklessly, and willfully misreporting violations of California Vehicle Code Section 22526 as "moving violations."

24.      Violations of Section 22526 are not moving violations. Cal. Veh. Code § 22526(f).

25.      Defendant's practice not only violates the FCRA as a matter of law, it also exacts serious consequences on consumer job applicants, employees, and interstate commerce.

**B.      Plaintiff's Experience**

26.      In early 2018, Estrada applied for a job with Deliv.

27.      Shortly after he applied, Deliv purchased a consumer report on Estrada from Defendant.

28.      On February 12, 2018, Estrada received an email from Deliv concerning his job application.

29.      Deliv informed Estrada that it had obtained a consumer report on him from Defendant, attached the consumer report to the email, and informed him that it was considering taking an adverse employment action against him because he had "MORE THAN 2 MOVING VIOLATIONS IN THE PAST 3 YEARS."

30.    When Estrada reviewed the consumer report, he discovered that Defendant had reported to Deliv that Estrada had "moving violations" in San Francisco on July 30, 2015, May 10, 2016, and July 6, 2017.

31.    Defendant's report described each of these purported "moving violations" as "ENTER INTERSECTION/CROSSWALK W/O SUFF SPACE-OBSTR TRAFFIC," and stated for each one that Estrada had violated California Vehicle Code 22526A.

32.    Defendant's consumer report was inaccurate.  Estrada did not have three moving violations.  In fact, Estrada has no moving violations.

33.    Rather, Estrada had three "parking" or "stopping" violations under California Vehicle Code Section 22526.

34.    California Vehicle Code Section 22526(f) states:

> A violation of this section is not a violation of a law relating to the safe operation of vehicles and is the following:
> (1) A stopping violation when a notice to appear has been issued by a peace officer described in Section 830.1, 830.2, or 830.33 of the Penal Code.
> (2) A parking violation when a notice of parking violation is issued by a person, other than a peace officer described in paragraph (1), who is authorized to enforce parking statutes and regulations.

35.    Instead of reporting these Section 22526 violations as "parking" or "stopping" violations, Defendant inaccurately reported them as "moving" violations.

36.    Following his receipt of his consumer report, Estrada obtained a copy of his driving record from the California Department of Motor Vehicles.  The record showed that Estrada did not have any moving violations.

37.    When Estrada attempted to show the DMV report to Deliv, Deliv still refused to move forward with his employment.

38.    In an effort to clear up the inaccuracy, Plaintiff also called Defendant to dispute the inaccurate information. Defendant informed Plaintiff that it had obtained the information from the DMV and that the information it reported to Deliv was correct.

39.    Defendant did not conduct a reasonable reinvestigation of Plaintiff's dispute.

40.    Defendant failed to correct the inaccurate information in Plaintiff's file.

41.    Defendant failed to notify any person who had provided the information that Plaintiff had disputed it, and failed to provide all relevant information regarding Plaintiff's dispute.

42.    Defendant did not review and consider all relevant information submitted by Plaintiff as part of his dispute. Specifically, Defendant did not review information related to Plaintiff's dispute that he did not have any moving violations.

43.    Defendant did not provide Plaintiff with a notice of the results of any reinvestigation, including (1) a statement that the reinvestigation is completed, (2) an investigative consumer report that is based on Plaintiff's file as that file is revised as a result of the reinvestigation, (3) a description or indication of changes, if any, in the investigative consumer report as a result of those revisions to Plaintiff's file, (4) a notice that, if requested by Plaintiff, a description of the procedure used to determine the accuracy and completeness of the information shall be provided to Plaintiff by Defendant, including the name, business address, and telephone number of any furnisher of information contacted in connection with that information, (5) a notice that Plaintiff has the right to add a statement to his file disputing the accuracy or completeness of the information, and (6) a notice that Plaintiff has the right to request that Defendant furnish notifications under section 1786.24(k) of the ICRAA.

## CLASS ACTION ALLEGATIONS

44.    Plaintiff brings the following class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following class:

a.    All natural persons residing in the United States (including all Territories and other political subdivisions of the United States) who, beginning five years prior to the filing of this Complaint and continuing through the resolution of this action, were the subject of any consumer report prepared by Defendant in which Defendant classified a violation of California Vehicle Code Section 22526 as a "moving violation."

45.    Numerosity: The Class is so numerous that joinder of all class members is impracticable. Defendant produces reports throughout the state of California and has produced

1  many hundreds, if not thousands, of reports on consumers during the class period, many of whom

2  are members of the Class.

3      46.    Typicality: Plaintiff's claims are typical of the class members' claims.  Defendant

4  treated Plaintiff in the same manner as other class members.

5      47.    Adequacy: Plaintiff will fairly and adequately protect the interests of the Class, and

6  has retained counsel experienced in complex class action litigation.

7      48.    Commonality: Common questions of law and fact exist as to all members of the Class

8  and predominate over any questions solely affecting individual members of the Class. These

9  common questions include:

10              a.   Whether Defendant is a consumer reporting agency and subject to the

11                   requirements of the FCRA;

12              b.   Whether Defendant violated the FCRA by reporting violations of California

13                   Vehicle Code Section 22526 as "moving violations" in its consumer reports;

14              c.   Whether Defendant's violations were willful;

15              d.   The proper measure of statutory and punitive damages;

16              e.   The proper form of injunctive relief; and

17              f.   The proper form of declaratory relief.

18      49.    Ascertainability: The Class can be identified.  Upon information and belief,

19  Defendant maintains copies of consumer reports for at least five years after they are provided to

20  end-users.  The reports are maintained in text which can be electronically and/or manually

21  searched to identify consumer reports that include violations of California Vehicle Code Section

22  22526.

23                          **FIRST CLAIM FOR RELIEF**

24                   **(15 U.S.C. § 1681e(b):  Class Claim)**

25      50.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs.

26  Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to

27  assure maximum possible accuracy of the information that it included in its consumer reports about

28  Plaintiff and other similarly-situated individuals.

51.     Defendant reported information about Plaintiff and other similarly-situated individuals that it had reason to know was inaccurate.

52.     Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

53.     Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

54.     Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff and other similarly-situated individuals of their rights under the FCRA.

**SECOND CLAIM FOR RELIEF**

**(Cal. Civ. Code § 1786.24: Individual Claim)**

55.     Plaintiff re-alleges paragraphs 1 through 49 and incorporates them here by reference.

56.     Plaintiff disputed the accuracy of information contained in his file, and conveyed the dispute directly to Defendant.

57.     Defendant failed to conduct a reasonable reinvestigation of Plaintiff's dispute.

58.     Defendant failed to correct the inaccurate information in Plaintiff's file.

59.     Defendant failed to notify any person who had provided the information that Plaintiff had disputed it, and failed to provide all relevant information regarding Plaintiff's dispute.

60.     Defendant did not review and consider all relevant information submitted by Plaintiff as part of his dispute. Specifically, Defendant did not review information related to Plaintiff's dispute that he did not have any moving violations.

61.     Defendant did not provide notice to Plaintiff of the results of any reinvestigation, including: (1) a statement that the reinvestigation is completed, (2) an investigative consumer report that is based on Plaintiff's file as that file is revised as a result of the reinvestigation, (3) a description or indication of changes, if any, in the investigative consumer report as a result of those revisions to Plaintiff's file, (4) a notice that, if requested by Plaintiff, a description of the procedure used to determine the accuracy and completeness of the information shall be provided to Plaintiff by

Defendant, including the name, business address, and telephone number of any furnisher of information contacted in connection with that information, (5) a notice that Plaintiff has the right to add a statement to his file disputing the accuracy or completeness of the information, and (6) a notice that Plaintiff has the right to request that Defendant furnish notifications under section 1786.24(k) of the ICRAA.

62.    As a result of Defendant's violations of California Civil Code section 1786.24, Plaintiff suffered actual damages including, without limitation: loss of employment, damage to reputation, embarrassment, humiliation, frustration, invasion of privacy, and other emotional and mental distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class respectfully pray that relief be granted as follows:

**On The First Claim For Relief:**

A.    An order certifying the case as a class action on behalf of the proposed Class under Federal Rule of Civil Procedures 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

B.    Issuing proper notice to the Putative Class at the Defendant's expense;

C.    An award of actual, statutory, and punitive damages for Plaintiff and the Class;

D.    Injunctive programmatic relief;

E.    An award of reasonable attorneys' fees and costs;

F.    An award of pre-judgment and post-judgment interest as provided by law; and

G.    Granting other further relief, in law or equity, as this Court may deem appropriate and just.

**On The Second Claim For Relief:**

A.    Actual damages to be determined by the jury, or statutory damages of $10,000, whichever sum is greater;

B.    Punitive damages, to be determined by the jury; and

C.    An award of reasonable attorneys' fees and costs.

Dated: August 28, 2018                    Respectfully submitted,


                                          */s/ Craig Davis*
                                          Craig Davis
                                          LAW OFFICES OF CRAIG DAVIS
                                          Attorney for Plaintiff and the Proposed Class


## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial for any and all causes of action for which a trial by jury is permitted by law.


Dated: August 28, 2018                    Respectfully submitted,


                                          */s/ Craig Davis*
                                          Craig Davis
                                          LAW OFFICES OF CRAIG DAVIS
                                          Attorney for Plaintiff and the Proposed Class